UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHN JOYNER, | ) | CIV. 11-5047-JLV |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| | ) | |
| ROBERT DOOLEY, Warden, Mike Durfee State Prison; and MARTY JACKLEY, Attorney General of the State of South Dakota, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

**PROCEDURAL HISTORY**

Petitioner Christopher John Joyner, a prisoner at the South Dakota State Penitentiary in Springfield, South Dakota, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Docket 1). Respondent Robert Dooley moved to dismiss the petition with prejudice as the petition was "untimely and because Petitioner . . . failed to exhaust his state court remedies." (Docket 11). The court referred all motions to Magistrate Judge Veronica L. Duffy for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket 9).

On November 9, 2011, Magistrate Judge Duffy filed a report and recommendation concluding the court should (1) deny respondent's motion to dismiss the petition on statute of limitations grounds; (2) deny respondent's motion to dismiss the petition on failure to exhaust grounds;

and (3) grant respondent's motion to dismiss the petition on the grounds of procedural default.  (Docket 19).  Mr. Joyner timely filed his objection.  (Docket 22).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1).  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  For the reasons stated below, Mr. Joyner's objection is overruled and the report and recommendation of the magistrate judge, with one typographical modification, is adopted in its entirety.

## DISCUSSION

**A.    MAGISTRATE JUDGE'S FINDINGS OF FACT**

Mr. Joyner did not object to the magistrate judge's findings of fact.  See Docket 22.  The magistrate judge made a typographical error in the report and recommendation in the last sentence of the first full paragraph on page 7.  That sentence should read:  "This report by Mr. Joyner as to his finances was submitted in conjunction with filing a civil case pursuant to the Prison Litigation Reform Act, [28 U.S.C. § 1915]."  (Docket 19, p. 7).  With this typographical modification, the magistrate judge's findings of fact are adopted by the court in accordance with 28 U.S.C. § 636(b)(1)(C).

B.   **MAGISTRATE JUDGE'S CONCLUSIONS OF LAW**

Mr. Joyner's sole objection to the magistrate judge's conclusions of law and recommendation is summarized as follows:

> Does the lower court's conduct satisfy the "cause" element and fulfill the objective factor which impeded Mr. Joyner's effort to comply with the procedural rules as required by Coleman v. Thompson, 501 U.S. 722 (1991)?

(Docket 22).

**THE EVIDENCE CONCLUSIVELY DEMONSTRATES THAT MR. JOYNER FAILED TO DEMONSTRATE CAUSE AND PREJUDICE OR A FUNDAMENTAL MISCARRIAGE OF JUSTICE WHICH WARRANTS DISMISSAL ON THE GROUNDS OF PROCEDURAL DEFAULT.**

The authority of a federal district court to grant habeas relief is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2244.  The court may not consider a habeas petition if the petitioner has not exhausted his state remedies.  28 U.S.C. § 2254(b). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Mr. Joyner did not exhaust his state court remedies.  The facts adopted by the court disclose the state habeas court denied Mr. Joyner's state habeas petition on May 18, 2011.[1]  (Docket 12-13).  See also Docket

---

[1] While the court shares the concerns expressed by the magistrate judge over the physical handling of Mr. Joyner's state habeas petition, those concerns ultimately have no effect on Mr. Joyner's constitutional rights as all doubts regarding time are being resolved in Mr. Joyner's favor for purposes of this order.

3

19, p. 8, n. 5.  As part of that decision, the state habeas court refused to grant Mr. Joyner a certificate of probable cause that an appealable issue existed.  Id.  Under South Dakota law, if the state habeas court denies relief and denies a certificate of probable cause, the petitioner must within twenty days file an application for issuance of a certificate of probable cause with the South Dakota Supreme Court.  See SDCL § 21-27-18.1 ("[A] a party may, upon the circuit court judge's refusal to issue a certificate of probable cause, file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal.").

On May 27, 2011, Mr. Joyner filed his federal habeas petition.  (Docket 1).  On May 31, 2011, Mr. Joyner sent a letter to the state court clerk advising he wanted to appeal the denial of his state habeas petition.  (Docket 12-14).  Mr. Joyner did not file a motion for issuance of a certificate of probable cause with the South Dakota Supreme Court.  The twenty-day period for filing a motion for issuance of a certificate of probable cause with the South Dakota Supreme Court expired on June 7, 2011.  Id. at 29.  Even though Mr. Joyner did not present the claims in his federal habeas petition to the South Dakota Supreme Court, this court cannot dismiss the federal petition because there is currently no non-futile state court remedy for pursuing the state claims.

The court must examine whether procedural default grounds exist which warrant dismissal of the federal habeas petition. "A corollary to the habeas statute's exhaustion requirement, [the procedural default doctrine] has its roots in the general principle that federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds." Dretke v. Haley, 541 U.S. 386, 392 (2004). Mr. Joyner procedurally defaulted on his state habeas claims because he failed to seek discretionary review by the South Dakota Supreme Court before filing the federal habeas petition. Because of that failure on Mr. Joyner's part, the unexhausted federal habeas claims are procedurally defaulted. The court cannot "review a procedurally defaulted habeas claim because a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (internal citation and quotation marks omitted).

An equitable exception to the procedural default doctrine is recognized if the petitioner "can demonstrate cause and prejudice for the procedural default." Dretke v. Haley, 541 U.S. at 393. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of

the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Abdullah, 75 F.3d at 411 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). " '[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him:  [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the [petitioner's] efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753 (internal citation and quotation marks omitted) (emphasis in original).

There is no evidence in this record and Mr. Joyner makes no specific claim in either his petition or his objection that he can show "some objective factor" interfered with his "efforts to comply with the State's procedural rule." Id.  Neither the state habeas court nor respondent engaged in any conduct which interfered with or impeded Mr. Joyner's independent ability to apply to the South Dakota Supreme Court for a certificate of probable cause within the twenty days required by SDCL § 21-27-18.1.  Mr. Joyner's procedural default may not be excused on cause and prejudice grounds.

The only ground remaining for Mr. Joyner to succeed depends on his ability to "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750 (internal quotation marks omitted). "The fundamental miscarriage of justice exception . . . is only available to a petitioner who demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent." McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997) (internal citation and quotation marks omitted).

The analysis of the "fundamental miscarriage of justice exception" is a two-part test:

> First, the petitioner's allegations of constitutional error must be supported with new reliable evidence . . . that was not presented at trial. Second, the petitioner must establish that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.

Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996) (internal quotation marks omitted) (quoting Schlup v. Delo, 513 U.S. 298, 324-27 (1995)). Petitioner must "come forward not only with new reliable evidence which was not presented at trial, but to come forward with new reliable evidence which was not available at trial through the exercise of due diligence." Kidd v. Norman, 651 F.3d 947, 953 (8th Cir. 2011). "This exception requires a habeas petitioner to present new evidence that affirmatively demonstrates

that he is innocent of the crime for which he was convicted." Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006).

Mr. Joyner's petition claims he was acting in self-defense. (Docket 1, p. 5). Mr. Joyner does not identify any new reliable evidence which supports his actual innocence claim. Mr. Joyner "cannot demonstrate a fundamental miscarriage of justice from a failure to consider his claim." Oglesby v. Bowersox, 592 F.3d 922, 926 (8th Cir. 2010).

## CONCLUSION

Based on the above analysis, it is hereby

ORDERED that Mr. Joyner's objection to the report and recommendation (Docket 22) is overruled.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Veronica L. Duffy (Docket 19) is adopted in its entirety by the court with the revision noted.

IT IS FURTHER ORDERED that respondent's motion to dismiss the petition on statute of limitation grounds (Docket 11) is denied.

IT IS FURTHER ORDERED that respondent's motion to dismiss the petition on failure to exhaust grounds (Docket 11) is denied.

IT IS FURTHER ORDERED that respondent's motion to dismiss the petition on procedural default grounds (Docket 11) is granted.

IT IS FURTHER ORDERED that Mr. Joyner's petition (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added) (establishing a two-prong standard). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the case or that the petitioner should be allowed to proceed further. In such circumstances, no appeal would be warranted." Id. The court does not believe reasonable jurists would find the court's ruling debatable or wrong. Accordingly, a certificate of appealability shall not issue in light of the second prong of the Slack standard. Mr. Joyner may timely seek a certificate of appealability from the United States Court of

Appeals for the Eighth Circuit under Fed. R. App. P. 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated July 9, 2012.

                        BY THE COURT:

                        /s/ *Jeffrey L. Viken*
                        JEFFREY L. VIKEN
                        UNITED STATES DISTRICT JUDGE